UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELIJAH L. HAWTHORNE (#356896)

VERSUS                                               CIVIL ACTION

CHANCE LEMOINE, ET AL                                NUMBER 14-427-JWD-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 22, 2015.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELIJAH L. HAWTHORNE (#356896)

VERSUS                                           CIVIL ACTION

CHANCE LEMOINE, ET AL                            NUMBER 14-427-JWD-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss filed by defendant Ernesco Lollis, record document number 29, and the Motion to Dismiss filed by Chance Lemoine, record document number 46. The motions are opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Chance Lemoine, Capt. Ernesco Lollis and Maj. Butler.[2] Plaintiff alleged that after he was attacked by a fellow inmate he was denied access to prompt medical attention in violation of his constitutional rights. Specifically, the plaintiff alleged that on April 26, 2014, he was working as a tier walker at Camp J. Plaintiff alleged that while he was working on the unit, Sgt. Lemoine escorted inmate Leday from the shower back

---

[1] Record document numbers 33 and 51, respectively.

[2] On September 19, 2014, the plaintiff voluntarily dismissed his claims against Maj. Butler. Record document number 11.

to his cell. Plaintiff alleged that before entering his cell inmate Leday came out of his restraints and attacked the plaintiff. Plaintiff alleged that Sgt. Lemoine activated his beeper, gave inmate Leday several orders to stop the attack and then forced inmate Leday into his cell. Plaintiff alleged that after inmate Leday was secure in his cell, Sgt. Lemoine instructed the plaintiff to leave the tier.

Plaintiff alleged that Sgt. Lemoine was negligent when he brought another inmate on the tier without first instructing the plaintiff to leave the tier. Plaintiff alleged that following the incident he was not examined by medical personnel even though he complained to Capt. Lollis that he was injured during the attack. Plaintiff alleged that although Capt. Lollis and Maj. Butler knew that Sgt. Lemoine had violated established procedure, they failed to include that fact in their incident reports.

On November 14, 2014, defendant Capt. Lollis filed a Motion to Dismiss and on January 20, 2015, defendant Sgt. Lemoine filed a Motion to Dismiss. On January 23, 2015, the plaintiff filed a Motion for Leave to File an Amended Complaint.[3] Defendants did not file an opposition or other response to the motion, the motion was

---

[3] Record document number 50.

granted[4] and the amended complaint was filed.[5] On January 28, 2015, the plaintiff filed another Motion for Leave to File an Amended Complaint.[6] Again, the motion was unopposed, was granted[7] on February 25, 2015, and the amended complaint was filed.[8]

Each defendant moved to dismiss a complaint which is no longer the operative complaint. As such, the motions to dismiss should be denied without prejudice to the defendants filing a motion to dismiss the operative amended complaint, which is the amended complaint filed on February 25, 2015.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Dismiss filed on behalf of defendant Capt. Ernesco Lollis and the Motion to Dismiss filed on behalf of Sgt. Chance Lemoine, record document numbers 29 and 46, respectively, be denied without prejudice to the defendants moving to dismiss the operative amended

---

[4] Record document number 53.

[5] Record document number 54.

[6] Record document number 52.

[7] Record document number 55.

[8] Record document number 57.

3

complaint and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, April 22, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE