UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELIJAH L. HAWTHORNE (#356896)**     **CIVIL ACTION**

**VERSUS**

**CHANCE LEMOINE, ET AL.**     **NO. 14-0427-JWD-EWD**

## RULING ON MOTION TO COMPEL DISCOVERY

Before the Court is the plaintiff's "re-submit[ted]" Motion for an Order Compelling Discovery (R. Doc. 88). This motion is opposed (R. Doc. 93). For the reasons that follow, the plaintiff's motion shall be **DENIED AS MOOT**.

In May 2015, the plaintiff filed into the record Interrogatories directed to defendants Chance Lemoine and Ernesco Lollis (R. Docs. 66-67). In July 2015, the plaintiff filed a motion to compel responses to those Interrogatories (R. Doc. 70). Pursuant to Order dated November 16, 2015 (R. Doc. 74), the Court denied the plaintiff's motion, finding that the plaintiff had failed to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure, which mandates that a party filing a motion to compel discovery must include certification that the movant has first conferred or attempted to confer in good faith with the party not providing discovery in an effort to secure the discovery without court action.

The plaintiff is now again before the Court seeking to compel the defendants to respond to his discovery requests. Whereas the plaintiff has again failed to certify or allege in his motion that he has made any attempt to contact counsel for the defendants regarding the outstanding discovery, the defendants acknowledge in their Opposition that the plaintiff did in fact forward

1

correspondence in an attempt to comply with Rule 37(a)(1) before filing the instant motion. In addition, the defendants acknowledge that, through inadvertence, they did not timely respond to the plaintiff's discovery or to the plaintiff's referenced correspondence. Notwithstanding, the defendants assert that they have now provided responses to the plaintiff's Interrogatories and also to a Request for Production of Documents propounded by him in July 2015. S*ee* R. Docs. 90-92. The defendants contend that, as a result, the plaintiff's Motion to Compel Discovery should be denied as moot.

Based on the foregoing, the Court will deny the plaintiff's Motion to Compel. The plaintiff has not pointed out any deficiencies in the discovery responses that have now been provided by the defendants, and he has not informed the Court of any prejudice resulting from the late responses to his discovery. The Court further concludes that the present situation does not support an award to the plaintiff of reasonable expenses. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for an Order Compelling Discovery (R. Doc. 88) is **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on March 30, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**