## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ELIJAH L. HAWTHORNE (#356896)**                    **CIVIL ACTION**

**VERSUS**

**CHANCE LEMOINE, ET AL.**                              **NO. 14-0427-JWD-EWD**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 28, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELIJAH L. HAWTHORNE (#356896)**                              **CIVIL ACTION**

**VERSUS**

**CHANCE LEMOINE, ET AL.**                                      **NO. 14-0427-JWD-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Injunctive Relief (R. Doc. 98), which Motion has been referred to the undersigned for a Report and Recommendation.   *See* R. Doc. 99.

*Pro se P*laintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Sgt. Chance Lemoine, Capt. Ernesco Lollis and Major Butler, complaining that his constitutional rights were violated on April 26, 2014, when defendant Lemoine failed to protect Plaintiff from harm at the hands of a co-inmate.[1]   Plaintiff further alleges that defendant Lollis was thereafter deliberately indifferent to Plaintiff's serious medical needs because Lollis failed to send Plaintiff to the infirmary to be examined by medical personnel even though Plaintiff complained that he was injured during the altercation.

In the instant motion, Plaintiff prays for an order compelling prison officials to schedule a diagnostic test for his back complaints.   Specifically, he asserts that he has submitted six or seven requests that he be referred for an M.R.I., but "Defendants will not send the Plaintiff to have the

---

[1] On September 19, 2014, Plaintiff voluntarily dismissed his claims against Major Butler. *See* R. Docs. 11 and 18.

much needed test taken."

In order to obtain injunctive relief, Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that Plaintiff has established that he is entitled to the relief requested. Whereas he is unhappy with the failure of prison medical personnel to refer him for an M.R.I. test, the named defendants in this proceeding are security officers who have not had any apparent involvement in Plaintiff's medical care or treatment. Further, Plaintiff has not shown that the referenced test is medically indicated or that he will suffer irreparable injury if the test is not undertaken. He acknowledges that he was seen by medical personnel after the incident of April 26, 2014, was given an injection of medication for pain, and was scheduled for x-rays which were apparently taken shortly thereafter. Plaintiff has not alleged that his medical complaints have since been ignored or disregarded. To the contrary, by reference to attachments to the instant motion, the Court is able to ascertain that Plaintiff has had additional x-rays undertaken, has been seen by a physician and by medical technicians, and has been given an analgesic cream for his back pain. *See* R. Doc. 98-1 at pp. 5-10.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied

and that the denial has constituted "deliberate indifference to serious medical needs."   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue.   *Estelle v. Gamble, supra.*   Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action.   *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).   Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.   *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994).   As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."   *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."   *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra.*   Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.   *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing principles, it is clear that Plaintiff has failed to allege facts sufficient to support entitlement to injunctive relief.   Specifically, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits of his claim or that he will suffer irreparable injury if injunctive relief is not granted.   Although Plaintiff complains that he has not been provided with an M.R.I. test despite repeated requests, there is nothing in the record to indicate that Plaintiff's symptoms and complaints warrant such a test or that any medical

professional has concluded that such a test is appropriate.   The decision to refer an inmate for additional treatment, tests or evaluation is a matter of professional medical judgment that the courts will not normally second-guess in the context of a claim of deliberate medical indifference.   *See Cuellar v. Livingston*, 321 Fed. Appx. 373, 374 (5th Cir. 2009) (noting that "the question whether 'additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment,'" *quoting Estelle v. Gamble, supra*, 429 U.S. at 107); *Burge v. Stalder*, 54 Fed. Appx. 793 (5th Cir. 2002) (upholding the grant of a motion to dismiss where the inmate complained of a failure to refer him to a specialist); *Green v. McKaskle*, 788 F.2d 1116, 1127 (5th Cir. 1986) (stating that a "mere claim that [the plaintiff] was not afforded a doctor who specialized in the treatment of paraplegia or a trained physical therapist does not, of itself, state a claim of deliberate indifference").   *See also Corte v. Schaffer*, 24 F.3d 237 (5th Cir. 1994) (concluding that, contrary to the plaintiff's allegation that he had received "no treatment" and that he needed a referral to a specialist, he had failed to demonstrate deliberate indifference where he had been seen by prison medical personnel and where his test results were within a normal range).   Further, Plaintiff's only assertion regarding the possibility of irreparable injury in this case is that "if the Court do not ordere [sic] the defendants to [undertake an M.R.I], the plaintiffs [sic] will suffer more if the injunction is denied than the defendant will suffer if it is granted."   *See* R. Doc. 98 at p. 2.   This is not a proper assertion of potential irreparable injury.

Although Plaintiff is apparently dissatisfied with the medical care that he has received at LSP, such dissatisfaction does not support an entitlement to a specific diagnostic test that he unilaterally believes should be provided.   Therefore, the Court finds that Plaintiff has failed to adequately establish that he faces irreparable injury or that he has a substantial likelihood of success on the merits.   Accordingly, the Court finds that Plaintiff has failed to establish the

essential components of a viable claim for injunctive relief, and the instant motion should be denied.

RECOMMENDATION

It is recommended that Plaintiff's Motion for Injunctive Relief (R. Doc. 98) be denied.

Signed in Baton Rouge, Louisiana, on June 28, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**